**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HOLLY A. GAVRIELIDIS,**<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>　　　　　　　　Defendant. | Civil Action No. 22-4456 (ZNQ)<br><br>**OPINION** |

**QURAISHI, District Judge**

　　**THIS MATTER** comes before the Court on Plaintiff Holly A. Gavrielidis' appeal of the Social Security Administration's denial of her application for Disability Insurance Benefits under Title II and Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. § 423, *et seq*, (ECF No. 1.)  The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

　　After reviewing the parties' submissions and the Administrative Record ("AR"), the Court finds that the Administrative Law Judge's decision was based on substantial evidence. Accordingly, the decision will be AFFIRMED.

**I.　BACKGROUND**

　　The sole issue before the Court is whether substantial evidence exists in the administrative record to support a finding that Plaintiff is not disabled under sections 216(i), 223(d), and 1614(a)(3)(A).

A. **Procedural Posture**

On January 25, 2019, Plaintiff Holly A. Gavrielidis ("Plaintiff") filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income (SSI), alleging that the onset of her disability started on July 19, 2018. (ECF 5-2, AR 15.) The Social Security Administration ("SSA") denied the request both initially and on reconsideration. (*Id*.) Thereafter, Plaintiff requested a hearing, which was held on April 27, 2021. (*Id*.) In May 2021, the presiding ALJ issued a decision, finding that Plaintiff was not disabled under sections 216(i) and 223(d), and 1614(a)(3)(A) of the Social Security Act, and Plaintiff appealed. (*Id*. 40-41.) The SSA's Appeals Council denied Plaintiff's request for review, finding no grounds for review. (*Id*. 1.) Accordingly, Plaintiff initiated her present appeal before this Court. (ECF No. 1.)

On January 31, 2023, Plaintiff filed her Opening Brief ("Pl's Br,"), (ECF No. 9), and on March 22, 2023, the Commissioner filed an Opposition Brief ("Opp'n Br,") (ECF No. 13). Plaintiff did not file a Reply.

B. **The ALJ's Decision**

On May 4, 2021, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled under the prevailing Administration regulations. (*See generally* AR 15-41.) The ALJ set forth the five-step process for determining whether an individual is disabled. (*Id*. at 16-17) (citing 20 C.F.R. § 416.920(a)). At step one, the ALJ found that Plaintiff had not "engaged in substantial gainful activity" since the disability onset date, July 19, 2018. (*Id*. at 18) (citing 20 C.F.R. § 416.971 et seq.) At step two, the ALJ found that Plaintiff suffered from several severe impairments, including "morbid obesity, degenerative disc disease, lumbar radiculopathy, cervical radiculopathy, bilateral carpal tunnel syndrome, degenerative joint disease-knees, Chiari malformation, depressive disorder, anxiety/obsessive-compulsive disorders, posttraumatic stress disorder, and substance addiction disorder." (*Id*.) (citing 20 C.F.R. § 404.1520(c)) and

416.920(c)).)  At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments" that qualified under the Administration's listed impairments.  (*Id*. at 19) (citing 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526, 416.920(d), 416.925, and 416.926.)

Before proceeding to step four, the ALJ concluded that Plaintiff had the residual functional capacity to "perform sedentary work" as the regulations define that term, with limited exceptions, including Plaintiff cannot "[c]limb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; stoop occasionally; kneel occasionally; crouch occasionally; and never crawl. Frequent handling, fingering, and feeling bilaterally. Never work at unprotected heights. Never work with hazardous machinery." (*Id*. at 24) (citing 20 C.F.R. § R 404.1567(a) and 416.967(a)).  Moreover, the ALJ went on to state that Plaintiff is "able to perform simple, routine tasks.  Is able to interact with the public occasionally. Requires cane for ambulation." (*Id*.)  At the fourth step, the ALJ concluded that Plaintiff "is unable to perform her past relevant work as a Substance Abuse Counselor."  (*Id*. at 39) (citing 20 C.F.R. § 404.1565 and 416.963.)  At the fifth step, however, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy" that Plaintiff could perform. (*Id*.) (citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

## II.   LEGAL STANDARD

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000).  Substantial evidence

is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, (1938)). In other words, substantial evidence "may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record. *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Commissioner of SSA*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," courts require an explanation from the ALJ of the reason why probative evidence has been rejected to determine whether the reasons for rejection were improper. *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (internal citation omitted).

### III.   DISCUSSION

#### A.   Whether the ALJ Erred in Finding Plaintiff's Listed Impairments

Plaintiff argues that the ALJ did not devote meaningful consideration to Plaintiff's morbid obesity, alone or in combination with other medically determinable impairments. Pl's Br. 5. Plaintiff argues that the ALJ failed to conduct a case-specific analysis concerning the effect of obesity on the individual Plaintiff. *Id*. 6–14. Further, Plaintiff argues that the ALJ must "meaningfully consider the effect of the claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step." *Id*. 9

(citing *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009)). According to Plaintiff, the ALJ's medical equivalence analysis fails to include a "discussion of morbid obesity in combination with comorbid impairments and issues the same templated, evidence [-] free and non-case-specific paragraph rejected by the Third Circuit." *Id*. 11.

After a careful review of the record, the Court disagrees. In determining whether Plaintiff has an impairment or combination of impairments that meets or medically equals the listed impairments, the ALJ did consider Plaintiff's obesity. (AR 21.) While Plaintiff contends that the ALJ's reasoning with respect to Plaintiff's obesity does not include adequate language and sufficient discussion, the Third Circuit's holding in *Burnett v. Commissioner of SSA*, "does not require the ALJ to use particular language or adhere to a particular format in conducting [his] analysis." 220 F.3d 112, 121 (3d Cir. 2000). "Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett*, 220 F.3d at 120). Moreover, the opinion of the ALJ is to be "read as a whole" to understand the factors considered in the decision. 364 F.3d at 505. Accordingly, "read as a whole," the ALJ considered Plaintiff's obesity. Specifically, the ALJ finds that "despite morbid obesity, symptoms, and potential medication side effects, the record reveals a broad range of normal, albeit with some abnormal findings." (AR 30.) Notably, the ALJ provides that the "the undersigned accounted for the claimant's morbid obesity, subjective allegations (including, but not limited to, pain, weakness, fatigue, vertigo, and assistive device use), and potential medication side effects (such as tiredness) when making this assessment." (*Id*.) Moreover, the ALJ states that, "due consideration was given to the claimant's obesity when assessing the residual functional capacity in this particular case. In reaching a

determination regarding the effects of the claimant's obesity, the undersigned was guided by [Social Security Ruling] 19-2p." (AR 24.)

The ALJ's finding that Plaintiff's combination of impairments did not meet or medically equal the severity of the listed impairments, specifically as it relates to Plaintiff's obesity, is far from conclusory and is supported by substantial evidence.

**B.     Whether the ALJ Erred in Formulating the RFC**

Plaintiff also contends that the ALJ's assessment of her "residual functional capacity" ("RFC") is not based on substantial evidence and appears without rationale or a clear statement of Plaintiff's ability to function.  Pl's Br. 15.  Plaintiff argues that an RFC determination must be made with an offered rationale or specificity. (*Id*. 21.)

Generally, at step four the ALJ assesses the claimant's RFC and whether the claimant can perform their "past relevant work." *See Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007); *see also* 20 C.F.R. § 404.1545(a)(5)(i).  A claimant's "[RFC] is the most [she] can still do despite [her] limitations." (*Id*.)  If the claimant can perform their past relevant work despite her limitations, she is not disabled.  If she cannot, the ALJ moves on to step five. (*Id*.)  Therefore, in making an RFC determination, "the ALJ must consider all evidence before [her]."  *Burnett v. Commissioner of SSA*, 220 F.3d 112, 121 (3d Cir. 2000) (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).

After a comprehensive review of the record, the Court finds that the ALJ's determination of Plaintiff's RFC is based upon substantial evidence.  Nearly 14 pages of the ALJ's decision are devoted to determining Plaintiff's RFC. (AR 24-39.)  The ALJ's discussion is thoroughly detailed and explains Plaintiff's treatment history, examination findings, diagnostic studies, and medical opinions.  First, Plaintiff argues that the ALJ's decision does not tell Plaintiff "how long plaintiff can sit at one time or during an 8 hour workday."  Pl's Br. 23.  However, the ALJ determined that

Plaintiff could perform "sedentary work as defined in 20 C.F.R. 404.1567(a)." (AR 24.) The cited regulation provides that sedentary work includes work "occurring from very little up to one third of the time," therefore, "periods of standing and walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." Social Security Ruling 83-10, 1983 WL 31251, at *5. Moreover, when assessing Plaintiff's sedentary exertional level, the ALJ accounted for Plaintiff's abnormal spinal and extremity, cane use, postural limitations, upper extremities symptoms, and the vocational expert's opinion. (AR. 26, 31.)

Next, Plaintiff contends that there is little support accompanying the ALJ's RFC finding given Plaintiff's injuries of bilateral carpal tunnel syndrome and four level cervical disc disease with radiculopathy and flattening of the spinal cord. Pl's Br. 25. To the contrary, the record demonstrates that the ALJ indeed did consider Plaintiff's bilateral carpal tunnel syndrome. Specifically, the ALJ, *inter alia*, found that the evidence does not support a finding that Plaintiff cannot use "both upper extremities to the extent that neither can be used to independently initiate, sustain and complete work-related activities involving fine and gross movements." (AR. 20.) Additionally, the ALJ considered Plaintiff's electromyography/nerve conduction evidence from January 2021 which "revealed evidence consistent with S1 radiculopathy and sensory peripheral neuropathy bilaterally," (AR. 27), and further noted that "the record fails to document, as is the case with the claimant's above-stated severe impairments, consistent treatment with specialists for pre-diabetes, hypertension, cardiac arrhythmia, hypothyroidism, sleep apnea, or polycystic ovarian syndrome," (AR. 19.)

Given the ALJ's thorough discussion of Plaintiff's impairments, the Court finds no deficiency in her RFC analysis. The presiding ALJ adequately incorporated Plaintiff's limitations

and physical health in the RFC analysis and explained how such evidence impacted her RFC determination. Accordingly, the Court concludes that the ALJ's RFC determination is properly supported by substantial evidence.

IV. **CONCLUSION**

For the foregoing reasons, the Court will AFFIRM the ALJ's decision. An appropriate Order will follow.


**Date: June 29, 2023**

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**